UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COLONY INSURANCE COMPANY,

                    Plaintiff,

- against –

HUDSON INSURANCE COMPANY and UNITED SPECIALTY INSURANCE COMPANY,

                    Defendants.

Civil Action No.

**COMPLAINT**

---

Plaintiff Colony Insurance Company ("Colony"), by its attorneys Farber Brocks & Zane L.L.P., for its Complaint for Declaratory Judgment against defendants, states as follows:

### NATURE OF ACTION, JURISDICTION AND PARTIES

1. This action is brought under Section 1332 of Title 28, United States Code, seeking this Court's determination concerning the respective rights and obligations of the parties under insurance policies issued by defendants Hudson Insurance Company ("Hudson") and United Specialty Insurance Company ("USIC") to Innovative Construction NYC, LLC ("Innovative") and Sandstone Structures LLC ("Sandstone"), respectively, including a declaration that Hudson and USIC have an obligation to defend and indemnify SH Kingsland LLC ("Kingsland") in an underlying lawsuit.

2. Colony is a Virginia corporation with its principal place of business in Chicago, Illinois.

3. Hudson is a Delaware corporation with a principal place of business in New York, New York and issues insurance policies in the State of New York.

{01364507.DOCX /}

4. USIC is a Delaware corporation with a principal place of business in Bedford, Texas and issues insurance policies in the State of New York.

5. The amount in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000) Dollars exclusive of interest and costs.

6. This is an action between citizens of different states and diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

7. Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## BACKGROUND FACTS

**Garzon Action**

8. On July 29, 2022, Angie Lisbeth Garzon commenced a suit in the Supreme Court of the State of New York, County of Kings, entitled *Garzon v. SH Kingsland, LLC, et al.,* Index No. 521818/2022 ("Garzon Action").

9. In the Garzon Action, plaintiff seeks recovery for injuries she allegedly sustained on July 7, 2022 while working at a construction project at 131 Kingsland Avenue, Brooklyn, New York 11222 (hereinafter "Premises"), when she fell while carrying objects on a temporary staircase on the Premises.

10. In the Garzon Action, plaintiff alleges that her injuries were caused by a dangerous condition, tripping hazard and/or construction debris on the Project.

11. Plaintiff in the Garzon Action further asserts that Innovative had a non-delegable duty to see that the work site at the Project was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat, including plaintiff.

12. The complaint in the Garzon Action also contains allegations that plaintiff's fall was caused by the negligence of all of the defendants, including Innovative. It is further alleged that all of the defendants caused and/or created the dangerous condition that allegedly caused her fall and that her injuries were caused by the actions of Innovative. The complaint also contains allegations that Innovative violated New York Labor Law §§200, 241(6).

13. In Kingsland's answer to the complaint in the Garzon Action, it asserted cross-claims against Innovative alleging that any damages suffered by plaintiff were caused by Innovative's negligence, breach of contract and was caused entirely by the Innovative's primary negligence, with no act of primary negligence by Kingsland.

14. Kingsland commenced a third-party action against Sandstone in the Garzon Action, alleging that Sandstone was hired by Innovative to perform construction work on the site as a subcontractor and that plaintiff was an employee of Sandstone.

15. It is further alleged in the third-party action that Sandstone has a contractual duty to indemnify Kingsland in the Garzon Action.

16. The third-party complaint also seeks common law contribution and indemnification from Sandstone on the grounds that any damages suffered by plaintiff resulted entirely from Sandstone's negligence, carelessness, recklessness and culpable conduct.

**The Colony Policy**

17. Colony issued Commercial General Liability policy number 600 GL 0206295-00 to Kingsland for the policy period of December 3, 2021 to December 3, 2023 (the "Colony Policy").

18. Colony is providing Kingsland with a defense in the Garzon Action.

19. The Colony Policy provides, in pertinent part, as follows:

This insurance is excess over:

> (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

**The Hudson Policy**

20. Hudson issued a primary general liability policy ("the Hudson Primary Policy") to Innovative for the policy period of October 19, 2021 to October 19, 2022.

21. Hudson also issued an excess liability policy ("the Hudson Excess Policy") to Innovative for the policy period of October 19, 2021 to October 19, 2022.

22. The Hudson Primary Policy was in full force and effect on the date of the accident alleged in the Garzon Action.

23. The Hudson Excess Policy was in full force and effect on the date of the accident alleged in the Garzon Action

24. The Hudson Primary Policy applies to the allegations of the complaint in the Garzon Action.

25. The Hudson Excess Policy applies to the allegations of the complaint in the Garzon Action

26. The Hudson Primary Policy provides additional insured coverage to Kingsland for the Garzon Action, pursuant to its terms and conditions.

27. The Hudson Excess Policy provides additional insured coverage to Kingsland for the Garzon Action, pursuant to its terms and conditions.

28. The Hudson Primary Policy provides that its coverage will be primary and non-contributory with respect to any person or organization that is entitled to additional insured coverage under that policy.

{01364507.DOCX /}                                -4-

29. The Hudson Excess Policy provides that its coverage will be primary and non-contributory with respect to any person or organization that is entitled to additional insured coverage under that policy.

**The USIC Primary Policy**

30. USIC issued a primary general liability policy to Sandstone ("the USIC Policy") for the policy period of April 20, 2022 to April 20, 2023, with limits of $2 million per occurrence and $2 million in the aggregate.

31. The USIC Policy was in full force and effect on the date of the accident alleged in the Garzon Action.

32. The USIC Policy applies to the allegations of the complaint in the Garzon Action.

33. The USIC Policy provides additional insured coverage to Kingsland for the Garzon Action, pursuant to its terms and conditions.

34. The USIC Policy provides that its coverage will be primary and non-contributory with respect to any person or organization that is entitled to additional insured coverage under that policy.

**The Contracts**

35. Kingsland and Innovative entered into a contract ("Innovative Contract") for work to be performed at the Premises.

36. Pursuant to the Innovative Contract, Innovative was responsible for removing all construction debris and leaving the project in a broom clean condition.

37. Pursuant to Article 9 of the Innovative Contract, Innovative was required to maintain liability policy to protect Kingsland.

38. Pursuant to the Contractors Insurance Requirements Rider to the Innovative Contract, Innovative was required to obtain Commercial General Liability insurance with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate.

39. Pursuant to the Contractors Insurance Requirements Rider to the Innovative Contract, Innovative was required to obtain Excess Liability insurance with limits of at least $10,000,000 per occurrence.

40. Pursuant to the Contractors Insurance Requirements Rider and the Subcontractor Agreement (Owner/Contractor) rider to the Innovative Contract, Kingsland was to be included as an additional insured on Innovative's commercial general liability coverage.

41. Pursuant to the Contractors Insurance Requirements Rider and the Subcontractor Agreement (Owner/Contractor) rider to the Innovative Contract, all of Innovative's insurance coverage was to apply to Kingsland on a primary, non-contributory basis.

42. The Subcontractor Agreement (Owner/Contractor) rider to the Innovative Contract states as follows:

> Indemnity. In consideration of the Contract Agreement, and to the fullest extent permitted by law, the Contractor shall defend and shall indemnify, and hold harmless, at Contractor's sole expense, the Owner of the property, and the officers, directors, agents, employees, successors and assigns of each of them from and against all liability or claimed liability for bodily injury or death to any person(s), and for any and all property damage or economic damage, including all attorney fees, disbursements and related costs, arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Subcontractor or by anyone for whose acts the Subcontractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties. This indemnity agreement shall survive the completion of the Work specified in the Contract Agreement.

43. Additionally, Innovative and Sandstone entered into a Subcontractors Insurance Requirements Rider ("the Sandstone Rider") for work to be performed at the Premises.

44. Pursuant to Sandstone Rider, Sandstone was required to maintain commercial general liability insurance with limits no less than $1,000,000 each occurrence and $2,000,000 annual aggregate.

45. Pursuant to the Sandstone Rider, Sandstone was required to obtain Excess Liability insurance with limits of at least $10,000,000 per occurrence.

46. Pursuant to the Sandstone Rider, Kingsland was to be included as an additional insured under Sandstone's insurance coverage on a primary, non-contributory basis.

47. Innovative and Sandstone entered into a Subcontractor Agreement (Contractor/Subcontractor) agreement ("Subcontractor Agreement") with respect to work to be performed at the Premises.

48. Pursuant to the Subcontractor Agreement, Kingsland was to be included as an additional insured on Sandstone's commercial general liability coverage.

49. The Subcontractor Agreement (Owner/Contractor) rider to the Innovative Contract states as follows:

> Indemnity. In consideration of the Contract Agreement, and to the fullest extent permitted by law, the Contractor shall defend and shall indemnify, and hold harmless, at Contractor's sole expense, the Owner of the property, and the officers, directors, agents, employees, successors and assigns of each of them from and against all liability or claimed liability for bodily injury or death to any person(s), and for any and all property damage or economic damage, including all attorney fees, disbursements and related costs, arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Subcontractor or by anyone for whose acts the Subcontractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties. This

indemnity agreement shall survive the completion of the Work specified in the Contract Agreement.

**Tender Correspondence**

50. Colony tendered the Garzon Action to Hudson and Innovative, on behalf of Kingsland, in correspondence dated January 18, 2023.

51. Colony tendered the Garzon Action to Innovative, on behalf of Kingsland, in correspondence dated March 20, 2023.

52. Counsel for Colony tendered the Garzon Action to Innovative and Hudson, on behalf of Kingsland, in correspondence dated September 12, 2023.

53. Counsel for Colony tendered the Garzon Action to Innovative and Hudson, on behalf of Kingsland, in correspondence dated November 20, 2023.

54. Colony never received a response to any of its tender letters to Hudson and Innovative.

55. Colony tendered the Garzon Action to Sandstone and USIC, on behalf of Kingsland, in correspondence dated January 18, 2023.

56. Colony tendered the Garzon Action to Sandstone and USIC, on behalf of Kingsland, in correspondence dated March 20, 2023.

57. Counsel for Colony tendered the Garzon Action to Sandstone and USIC, on behalf of Kingsland, in correspondence dated September 12, 2023.

58. Counsel for Colony tendered the Garzon Action to Sandstone and USIC, on behalf of Kingsland, in correspondence dated November 20, 2023

59. Colony never received a response to any of its tender letters to Sandstone and USIC.

60. To date, Hudson has not assumed the defense and indemnification of Kingsland in the Garzon Action.

61. To date, USIC has not assumed the defense and indemnification of Kingsland in the Garzon Action.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment against Hudson)**

62. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "61" of the complaint as if fully set forth herein at length.

63. Kingsland qualifies as an additional insured under the Hudson Policy.

64. Kingsland and Innovative entered into a contract for work to be performed at the Premises.

65. Plaintiff in the Garzon Action seeks recovery for bodily injury caused, in whole or in part, by Innovative's acts or omissions in the performance of ongoing operations for Kingsland.

66. Plaintiff's alleged injuries in the Garzon Action were not caused, in whole or in part, by Kingsland's negligence.

67. Pursuant to the Hudson Policy, Hudson has a duty to defend and indemnify Kingsland in the Garzon Action.

68. The Garzon Action falls within the scope of the Hudson Policy.

69. The Hudson Policy is primary and non-contributory insurance with respect to Kingsland and the Colony Policy is excess to, and non-contributing with, the Kingsland Policy.

70. The defense and indemnification of Kingsland in the Garzon Action was timely tendered to Hudson.

71. Colony and Kingsland have suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of Hudson to fulfill its obligations to provide insurance coverage

to them on a primary non-contributory basis, including, but not limited to, the costs of defending the Garzon Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against them in that action.

72. Because Hudson is liable to Kingsland for any and all damages incurred by virtue of Hudson's insurance obligation and breach of contract, judgment should be entered accordingly declaring that Hudson is required to provide primary, non-contributory coverage to Kingsland for defense pertaining to the Garzon Action.

73. Because Hudson is liable to plaintiff for any and all damages incurred by virtue of Hudson's insurance obligation and breach of contract, judgment should be entered accordingly declaring that Hudson is required to provide primary, non-contributory coverage to Kingsland for indemnity pertaining to the Garzon Action.

74. Because Hudson has breached its duty to defend, plaintiff is entitled to prejudgment interest on the defense costs calculated from the date that Hudson should have begun making defense payments.

75. Plaintiff has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of Hudson to fulfill its obligations to provide primary insurance coverage to Kingsland on a primary, non-contributory basis, including, but not limited to, the costs of defending the Garzon Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against Kingsland in that action.

76. Plaintiff is entitled to a declaration that Hudson has a duty to reimburse plaintiff for defense costs incurred in defending the Garzon Action, together with prejudgment interest on the defense costs calculated from the date that Hudson should have begun making defense payments.

77. Plaintiff has no adequate remedy of law.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment against Hudson Excess Policy)

78. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "77" of the complaint as if fully set forth herein at length.

79. Kingsland qualifies as an additional insured under the Hudson Excess Policy.

80. Innovative and Kingsland entered a contract for work to be performed at the Premises.

81. Plaintiff in the Garzon Action seeks recovery for bodily injury caused, in whole or in part, by Innovative's acts or omissions in the performance of ongoing operations for Kingsland.

82. Plaintiff's alleged injuries in the Garzon Action were not caused, in whole or in part, by Kingsland's negligence.

83. Pursuant to the Hudson Excess Policy, Hudson has a duty to indemnify Kinglsand in the Garzon Action.

84. The Garzon Action falls within the scope of the Hudson Excess Policy.

85. The Hudson Excess Policy is primary and non-contributory insurance with respect to Kingsland and the Colony Policy is excess to, and non-contributing with, the Hudson Excess Policy.

86. The tender of coverage to Hudson by and on behalf of Kingsland in the Garzon Action was timely.

87. Colony and Kingsland have suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of Hudson's to fulfill its obligations to provide insurance coverage to them on a primary non-contributory basis, including, but not limited to, the costs of defending the Garzon Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against them in that action.

88. Because Hudson is liable to Kingsland for any and all damages incurred by virtue of Hudson's insurance obligation and breach of contract, judgment should be entered accordingly declaring that Hudson is required to provide primary, non-contributory coverage to Kingsland for defense pertaining to the Garzon Action.

89. Because Hudson is liable to plaintiff for any and all damages incurred by virtue of Hudson's insurance obligation and breach of contract, judgment should be entered accordingly declaring that Hudson is required to provide primary, non-contributory coverage to Kingsland for indemnity pertaining to the Garzon Action.

90. Plaintiffs have no adequate remedy of law.

### THIRD CAUSE OF ACTION
**(Declaratory Judgment against USIC)**

91. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "90" of the complaint as if fully set forth herein at length.

92. Kingsland qualifies as an additional insured under the USIC Policy.

93. Innovative and Sandstone entered a contract for work to be performed at the Premises.

94. Plaintiff in the Garzon Action seeks recovery for bodily injury caused, in whole or in part, by Sandstone's acts or omissions in the performance of ongoing operations on the Premises.

95. Plaintiff's alleged injuries in the Garzon Action were not caused, in whole or in part, by Kingsland's negligence.

96. Pursuant to the USIC Policy, USIC has a duty to defend and indemnify Kingsland in the Garzon Action.

97. The Garzon Action falls within the scope of the USIC Policy.

98. The USIC Policy is primary and non-contributory insurance with respect to Kingsland and the Colony Policy is excess to, and non-contributing with, the USIC Policy.

99. The defense and indemnification of Kingsland in the Garzon Action was timely tendered to USIC.

100. Colony and Kingsland have suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of USIC's to fulfill its obligations to provide insurance coverage to them on a primary non-contributory basis, including, but not limited to, the costs of defending the Garzon Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against them in that action.

101. Because USIC is liable to Kingsland for any and all damages incurred by virtue of USIC's insurance obligation and breach of contract, judgment should be entered accordingly declaring that USIC is required to provide primary, non-contributory coverage to Kingsland for defense pertaining to the Garzon Action.

102. Because USIC is liable to plaintiff for any and all damages incurred by virtue of USIC's insurance obligation and breach of contract, judgment should be entered accordingly declaring that USIC is required to provide primary, non-contributory coverage to Kingsland for indemnity pertaining to the Garzon Action.

103. Because USIC has breached its duty to defend, plaintiff is entitled to prejudgment interest on the defense costs calculated from the date that USIC should have begun making defense payments.

104. Plaintiff has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of USIC to fulfill its obligations to provide primary insurance coverage to Kingsland on a primary, non-contributory basis, including, but not limited to, the costs of defending

the Garzon Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against Kingsland in that action.

105.   Plaintiff is entitled to a declaration that USIC has a duty to reimburse plaintiff for defense costs incurred in defending the Garzon Action, together with prejudgment interest on the defense costs calculated from the date that USIC should have begun making defense payments.

106.   Plaintiff has no adequate remedy of law.

**WHEREFORE**, plaintiff demands judgment as follows:

a. A declaration that the Hudson Policy affords primary coverage for Kingsland for the claims asserted against it in the Garzon Action, and that Hudson is therefore obligated to fully insure, defend and indemnify Kingsland in the Garzon Action;

b. A declaration that the Colony Policy is excess over the Hudson Policy and does not contribute to the cost of defense or the indemnification of Kingsland;

c. A declaration that Hudson is obligated to reimburse Colony for all of the defense expenses (including attorney's fees) incurred on behalf of Kingslan in defending the Garzon Action, with interest pursuant;

d. A declaration that Hudson owes Kingsland a duty to defend it in the Garzon Action;

e. A declaration that Hudson owes a duty to indemnify Kingsland in the Garzon Action;

f. A declaration that the Hudson Excess Policy affords coverage for Kingsland for the claims asserted against it in the Garzon Action, and that Hudson is therefore obligated to fully indemnify Kingsland in the Garzon Action;

g. A declaration that the Colony Policy is excess over the Hudson Excess Policy and does not contribute to the indemnification of Kingsland;

h. A declaration that Hudson owes a duty to indemnify Kingsland in the Garzon Action under the Hudson Excess Policy

i. A declaration that the USIC Policy affords primary coverage for Kingsland for the claims asserted against it in the Garzon Action, and that USIC is therefore obligated to fully insure, defend and indemnify Kingsland in the Garzon Action;

j. A declaration that the Colony Policy is excess over the USIC Policy and does not contribute to the cost of defense or the indemnification of Kingsland;

k. A declaration that USIC is obligated to reimburse Colony for all of the defense expenses (including attorney's fees) incurred on behalf of Kingsland in defending the Garzon Action, with interest pursuant;

l. A declaration that USIC owes Kingsland a duty to defend it in the Garzon Action under the USIC Policy;

m. A declaration that USIC owes a duty to indemnify Kingsland in the Garzon Action under the USIC Policy; and

n. Such other relief as the Court deems proper, together with reasonable attorney's fees, costs and disbursements in this action.

Dated: Hawthorne, New York
January 10, 2024

(Pursuant to Rule 130-1.1-a)
FARBER BROCKS & ZANE L.L.P.

By: _____
AUDRA S. ZANE
FARBER BROCKS & ZANE L.L.P.
Attorneys for Plaintiff
COLONY INSURANCE COMPANY
400 Garden City Plaza, Suite 100
Garden City, New York 11530
Our File No.: 640-12802

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NASSAU  )

AUDRA S. ZANE, being duly sworn, deposes and says that she is a partner of the law firm of FARBER BROCKS & ZANE L.L.P., counsel for plaintiff, COLONY INSURANCE COMPANY, in the within action, and makes this verification pursuant to CPLR 3020(d)(3). Plaintiff is not within the county where deponent has his office. Deponent has read the foregoing Complaint and knows the contents thereof; that the same is true on the basis of information and belief, based upon books and records in the possession of deponent and conversations with plaintiff.

_____
Audra S. Zane

Sworn to before me this
10th day of January 2024

_____
Notary Public

JOSEPHINE HAAS
Notary Public, State of New York
NO. 01HA5022698
Qualified in Nassau County
Commission Expires January 18, 2026

{01364507.DOCX /}                                    -16-